IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gabriel Randolph, | ) | C/A No.: 1:11-817-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Warden Michael McCall, Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner, proceeding *pro se* and *in forma pauperis*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter comes before the court upon the following motions: (1) Petitioner's motion to compel [Entry #28]; and (2) Petitioner's motion for extension of time [Entry #30]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

I.    Petitioner's Motion to Compel [Entry #28]

    Petitioner seeks to compel discovery from Respondent. However in habeas corpus cases, leave of court is required for the parties to conduct discovery.[1]  *See* Rules

---

[1] Although Petitioner contends this court granted Petitioner's motion for discovery, the docket does not indicate a prior motion for discovery or the court's grant of such a motion. Although Petitioner attached to his motion a copy of a scheduling order in this case, the Clerk of Court docketed the scheduling order in this case in error and it has been vacated. [Entry #34]. Additionally, although the court granted Petitioner's prior motion for an extension of time in this matter [Entry #22], it did not authorize discovery.

Governing § 2254 Cases, Rule 6(a).[2]  Any party requesting discovery in a habeas corpus action must provide reasons for the request. Rules Governing § 2254 Cases, Rule 6(b). The Supreme Court has held that "the 'broad discovery provisions' of the Federal Rules of Civil Procedure do not apply in habeas proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing to *Harris v. Nelson*, 394 U.S. 286 (1969)). Petitioner must set forth specific allegations "show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. at 908–909. Petitioner argues the discovery is relevant, as it will show how much "good time credit" was docked by the disciplinary hearing officer and how his max-out date was affected. [Entry #29].  However, Respondent has served information indicating Petitioner lost 90 days of good time credit as result of his disciplinary hearing and was also not permitted to earn good time credits during the month for which the incident occurred. [Entry #14-2, #31 at 3]. The court has reviewed the discovery requests and finds that discovery is not necessary in this case.  Therefore, Petitioner's motion to compel discovery is denied. [Entry #28].

II.     Petitioner's Motion for an Extension of Time [Entry #30]

Petitioner seeks a second extension of time to respond to Respondent's motion for summary judgment.  The court previously granted a 60-day extension of time for Petitioner to respond. [Entry #22].  The court grants Petitioner's second motion for an

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

extension of time [Entry #30]. Petitioner's deadline for responding to Respondent's motion for summary judgment is extended to October 21, 2011. However, Petitioner is advised that no further extensions will be granted absent exceptional circumstances, and Petitioner's failure to respond by October 21, 2011 may result in dismissal of this action.

III.    Conclusion

For the foregoing reasons, Petitioner's motion to compel [Entry #28] is denied and Petitioner's motion for an extension [Entry #30] is granted.

IT IS SO ORDERED.

*Shiva V. Hodges*

September 21, 2011                              Shiva V. Hodges
Florence, South Carolina                        United States Magistrate Judge