IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gabriel Randolph, #248729, | ) | C/A No.: 1:11-817-MBS-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden Michael McCall, Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Gabriel Randolph is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC) who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner seeks reinstatement of good time credit and vacating of his disciplinary charge. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on Respondent's return and motion for summary judgment. [Entry #13, #14]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #16]. Petitioner filed two motions for extension of time to file a response [Entry #18, #30], which the court granted [Entry #22, #36], as well as a motion to amend/correct his petition [Entry #21], which the court granted [Entry #24]. Petitioner filed a response in opposition to Respondent's motion [Entry #39], and Respondent filed a reply [Entry #40]. Having carefully considered the parties' submissions and the record in this case, the

undersigned recommends that Respondent's motion for summary judgment [Entry #14] be granted.

I.     Procedural Background

After a guilty plea on March 26, 1998, Petitioner was sentenced by the Honorable Rodney A. Peeples to 22 years for distribution of crack cocaine, consecutive to a 15-year sentence suspended to five years imprisonment and five years probation for distribution of crack cocaine within a half mile of a school.  Petitioner was also found to have violated his probation with regard to prior charges and was ordered to serve five years for a grand larceny charge and two years for a possession of marijuana charge, sentences to be served concurrently with each other and with his sentences for the distribution and proximity charges. Petitioner currently has a projected release date of January 16, 2019.

Petitioner filed his petition on April 7, 2011, challenging the judgment from a March 2010 SCDC disciplinary hearing that took place at Perry Correctional Institution. The disciplinary hearing arose out of a March 11, 2010 charge of Exhibitionism and Public Masturbation. [Entry #14-1 (Incident Report); #14-2 (Disciplinary Report)].

On March 30, 2010, Petitioner was brought before a Disciplinary Hearing Officer (DHO) for a hearing, at the conclusion of which he was convicted of the underlying charge and was sanctioned with loss of privileges, disciplinary detention, and the loss of ninety days of good time credits.  As a result of the conviction, Petitioner was not permitted to earn good time credits for the month in which the incident occurred.

After filing a Step 1 grievance, Petitioner filed a Step 2 grievance with SCDC on March 31, 2011. [Entry #14-3]. Because the underlying incident for which Petitioner was disciplined involved the Institutional Inmate Grievance Coordinator ("IGC"), Petitioner's grievance was automatically forwarded to the Inmate Grievance Branch for processing pursuant to SCDC policy. On May 12, 2010, Petitioner's Step 2 grievance was denied. [Entry #14-4]. On June 14, 2010, Petitioner filed an appeal with the Administrative Law Court ("ALC") [Entry #14-5], which dismissed Petitioner's case on September 22, 2010, after Petitioner failed to file an appellate brief. [Entry #14-6]. On November 12, 2010, Petitioner filed a Notice of Appeal with the South Carolina Court of Appeals. [Entry #14-7]. Petitioner's appeal was dismissed on February 9, 2011 because Petitioner failed to pay the $100 filing fee. [Entry #14-8]. Petitioner failed to file a petition for reinstatement, and the case was remitted on February 25, 2011. [Entry #14-9]. On March 14, 2011, Petitioner filed a Notice of Appeal with the South Carolina Supreme Court [Entry #14-10], which was dismissed on March 23, 2011, with the court noting that the remittitur by the Court of Appeals had ended appellate jurisdiction over Petitioner's case. [Entry #14-11]. This habeas petition followed.

II.     Discussion

    A.     Federal Habeas Issues

Petitioner stated the following three grounds in his original habeas petition:

Ground One:     "South Carolina and US Constitution 14th Amendment Due Process."

|                | |
|---|---|
| | Supporting Facts: "Petitioner for the requirement of South Carolina Department of Corrections policy Inmate Disciplinary System OP-14 section 8.2.4 of getting witness and document evidence review SCDC Request to Staff Member date March 25, 2010, attached." |
| Ground Two: | "The South Carolina Court of Appeal, did not explain to the petitioner about the right to proceed in forma pauperis review correspondence from November 4, 2010." |
| | Supporting Facts: "The court's The South Carolina Court of Appeal miss lead petitioner and review petitioner correspondence on December 20, 2010." |
| Ground Three: | "Review Petitioner Memorandum of Law that was file State of South Carolina Administrative Law Court, Notice of Appeal." |
| | Supporting Facts: "The South Carolina Administrative Law Court did not consider my Memorandum of Law as a brief, which is wrong. Review Notice of Appeal." |

[Entry #1 at 6–7]. Respondent denied all of Petitioner's claims and moved for summary judgment [Entry #13, #14]. Thereafter, Petitioner filed a motion [Entry #21] to amend/correct his petition and a motion [Entry #18] for extension of time to respond to Respondent's motion for summary judgment, which requests the court granted [Entry #24 and #22, respectively]. The Amended Petition removed Grounds Two and Three, leaving for habeas review only Ground One—Petitioner's due process claim.

Respondent filed a return [Entry #26] to the Amended Petition, incorporating by reference its arguments against Ground One as stated in its original return [Entry #13] and motion for summary judgment [Entry #14]. Petitioner filed a motion [Entry #30] seeking an additional extension of time to respond to Respondent's motion for summary judgment, which extension the court granted [Entry #36]. Petitioner's response to

summary judgment was docketed on October 24, 2011 [Entry #39].[1]  Respondent filed a reply on November 1, 2011 [Entry #40].  This matter is ripe for disposition.

    B.    Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the

---

[1] Petitioner's response is titled "Notice of Motion and Motion for Summary Judgment," and was originally docketed by the Clerk's Office as a motion for summary judgment.  A subsequent review of the filing revealed it to be a response in opposition to Respondent's motion for summary judgment, and the Clerk's Office, at the direction of the undersigned's chambers, changed the entry to reflect it as a response, rather that Petitioner's own motion.

non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus

        1.    Section 2241 Generally and Exhaustion Requirement

Generally, a habeas petitioner must present his claims to an appropriate forum before filing his petition in this court. This requirement of exhaustion is largely unavoidable. *Ex parte Hawk*, 321 U.S. 114, 117 (1944). "Unlike petitions brought under § 2254, which challenge the validity of a state court conviction and sentence, petitions brought under § 2241 generally challenge the execution or implementation of a sentence, such as parole matters, sentence computation, calculation of good time credits, prison disciplinary actions, and transfers." *Clemmons v. South Carolina*, C/A No. 0:08-607-RBH, 2008 WL 2845636, *1 (D.S.C. July 18, 2008).

Before a state prisoner can seek federal habeas relief under 28 U.S.C. § 2241, he must first exhaust any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490–91 (1973) (exhaustion required under § 2241). The habeas statute provides, in 28 U.S.C. § 2254(b) & (c), that in order for a state prisoner to pursue a habeas corpus petition in federal court, the petitioner must first have exhausted his available state court remedies. *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994). "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Id.* The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) *(discussing Braden, supra)*.

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review of an SCDC decision from the ALC. *See Al-Shabazz v. State*, 527 S.E.2d 742, 750 (S.C. 2000); *see also Slezak v. S.C. Dep't of Corr.*, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations in which an inmate is disciplined and punishment is imposed, or when an inmate believes that prison

officials have erroneously calculated his sentence, sentence-related credits, or custody status. *Sullivan v. S.C. Dep't of Corr.*, 586 S.E.2d 124, 126 (S.C. 2003); *Al-Shabazz*, 527 S.E.2d at 750. Generally, a state prisoner's sentence calculation claim will fall within the category of administrative issues that the South Carolina Supreme Court has identified as properly being raised through the prison grievance process with appeal to the ALC, rather than through a post-conviction relief (PCR) application filed in circuit court. *See Al-Shabazz*. Pursuant to the South Carolina Administrative Procedures Act (APA) and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the ALC may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C. Code Ann. § 1-23-610; Rule 242, SCACR.

Here, Petitioner raises such an administrative issue, because he asserts that the SCDC has wrongly denied him good time credits. Accordingly, the exhaustion of his state remedies begins with the administrative grievance procedure of SCDC and review by the ALC as outlined in *Al-Shabazz*, with appeal to the state appellate courts. *Al-Shabazz*, 527 S.E.2d at 752–57 (discussing the application of the APA and the review process); 203(b)(6), SCACR; *see also* S.C. Code Ann. § 1-23-610(A)(1).[2]

---

[2] This procedure, which applies for most § 2241 issues, is in contrast to habeas corpus issues that are appropriately raised under 28 U.S.C. § 2254, which generally commence in circuit court pursuant to the PCR statutes with appeal pursuant to the corresponding appellate court rules. *See generally* S.C. Code Ann. §§ 17-27-10, *et seq.*; Rule 243, SCACR.

### 2. Petitioner Has Not Exhausted His Administrative Remedies

Petitioner filed Step One and Step Two grievances, both of which were investigated and denied. Petitioner then sought review by the ALJ, which dismissed his case. Because Petitioner failed to pay the required filing fee, the Court of Appeals dismissed the appeal. Petitioner failed to file a motion for reinstatement prior to attempting to file an appeal with the South Carolina Supreme Court. Because the Court of Appeals had issued its remittitur, the appellate courts no longer maintained jurisdiction over Petitioner's claims and his appeal to the South Carolina Supreme Court was unavailing. Because Petitioner's appeal to the ALJ, the Court of Appeals and the Supreme Court were dismissed on state procedural grounds, rather than on the merits, his petition is barred under the procedural default doctrine.

After reviewing the record, the undersigned recommends finding that Petitioner has failed to exhaust his claims through the grievance process. "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one complete round of the State's established appellate review process. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (internal quotation omitted). Based on Petitioner's failure to exhaust his state court remedies, the undersigned recommends that Respondent's motion for summary judgment be granted. Further, even if Petitioner's claims are considered on their merits, the undersigned recommends that Respondent's motion for summary judgment be granted.

3.  Due Process Claim

Even if Petitioner were able to establish good cause for his failure to exhaust, he has not established that he is entitled to habeas relief. Petitioner challenges the judgment from a March 2010 SCDC disciplinary hearing for Exhibitionism and Public Masturbation, and appears to allege that the disciplinary hearing violated his due process rights under the Fourteenth Amendment. The court interprets Petitioner's claim as one of denial of procedural due process.

Prison officials must accord an inmate minimal due process requirements for a disciplinary hearing, as such hearings could result in deprivation of a state-created liberty interest—good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). The Supreme Court outlined the following due process protections to which an inmate is entitled in a prison disciplinary proceeding that put the inmate's liberty interest at stake: 1) advance written notice of the charges; 2) a written statement citing the evidence relied upon and the reasons for the action taken; and 3) the inmate's right to call witnesses and present documentary evidence, if institutional safety will not be jeopardized. *Id*. at 563–67.

The undersigned is of the opinion that the process afforded to Petitioner satisfied his due process rights. The Inmate Notification sections of the Disciplinary Report and Hearing Record, signed by Petitioner, demonstrate that Petitioner received notice of the disciplinary hearing on March 24, 2010, six days prior to the March 30, 2010 hearing date. [Entry #14-2 at 2]. The written record of the disciplinary hearing establishes the evidence the DHO relied

on in forming her decision, as well as the reasons for convicting Petitioner and taking the disciplinary actions that were taken. [Entry #14-12].

As for the requirement that the inmate be permitted to call witnesses and present his own evidence in his defense, Petitioner appears to allege that he requested a witness as well as evidence, but was not provided either. Petitioner has attached a copy of a Request to Staff Member he addressed to "Mr. Turner; DHO/Counsel Substitute" in which he requested "[t]o get statement from prisoner Mr. Lawrence Hill #329258 of the of what happen on 3/11/10 and of Ofc. Gaines. Cause he was sign cell check on 3/11/10. The time of the Incident Report and Cell Check Form have same time." [Entry #10-1 at 39]. The transcript from Petitioner's disciplinary hearing reflects that Petitioner's counsel substitute read to the DHO a statement from Inmate Hill and from Officer Gaines. Nothing in the transcript or the disciplinary hearing record suggests that Petitioner requested any additional evidence or witnesses. The transcript reflects that Petitioner was able to present a defense and was given an opportunity to question his accuser, to wit:

DHO:                This is your opportunity to tell us why you feel you're not guilty in the case.
Petitioner:         I wasn't masturbating. I was talking to I/M Lawrence Hill at the time. Cocciolone walked past the door, she screamed at another I/M, but she never directed anything towards me because I was talking to another I/M at the time.
DHO:                Counsel, anything?
Counsel Substitute: Yes, a statement from Lawrence Hill, #329258 says this is for Gabriel Randolph in DX1. Me & Randolph was talking & I'm right across from him in DX2. Ms. Cocciolone walked past both of us with us saying a word on 3/11/10. Also another statement from Ofc. Gaines. Gaines wasn't assigned to the day shift until 3/16/10.

DHO:              Counsel, anything else??
Counsel Substitute:  No.
DHO:              Questions for the accuser?
Counsel Substitute:  No, that's all.

[Entry #14-12 at 4].

In light of the foregoing transcript and the record in this case, the undersigned recommends finding that Petitioner's due process rights were not violated. In his response to summary judgment, Petitioner claims that the DHO was not impartial, but there is nothing in the record to support his allegation. Petitioner alleges that the DHO failed to allow testimony or require the attendance of a requested witness, but does not point to any testimony or witness he wished to offer and that was rejected. Plaintiff has failed to present any evidence to support his claim that he was not given an opportunity to make a statement or give testimony and that his requests to document evidence were ignored or brushed off by the hearing officer. Plaintiff may not rely on beliefs, conjecture, speculation, or conclusory allegations to create a genuine issue of material fact. *Barber v. Hosp. Corp. of Am.*, 977 F.2d 874–75 (4th Cir. 1992).

Moreover, a decision by a prison disciplinary board satisfies due process if there is some evidence in the record to support the board's decision. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). In *Hill*, the United States Supreme Court set out the constitutional evidentiary standard to be used when courts review prison discipline decisions. The Supreme Court held that due process is satisfied if there is "some" evidence to show that the

inmate committed the offense. *Id.* at 455. The Court declined to adopt a more stringent evidentiary standard as a constitutional requirement, stating:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Id.* at 456 (internal citations omitted). The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence," and is met if there is any evidence in the record that could support the disciplinary board's decision. *Id.* at 455–56. This standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). As the *Hill* Court noted:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill* at 455–56. Judicial review of prison disciplinary actions is, therefore, limited solely to a determination to whether there is some evidence in the record to support the DHO's decision.

Here, there is some evidence in the record to support the DHO's decision, namely the Officer Cocciolone's incident report and her testimony. The Hearing Record reflects that the DHO based his finding that Petitioner was guilty on the incident report and testimony of Cocciolone, the SCDC officer who observed Petitioner committing the offense that was the basis for the disciplinary hearing. Specifically, the DHO found that Officer Cocciolone's

testimony and report "was true & correct, she knows you by sight & it was you performing the act." [Entry #39-5 at 4]. The undersigned finds that the evidentiary standard of *Hill* was satisfied in this case.

III.    Conclusion

For the foregoing reasons, it is recommended that Petitioner's habeas petition be dismissed and Respondent's Motion for Summary Judgment be granted.

IT IS SO RECOMMENDED.

*[signature]*

January 12, 2012                              Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).