IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gabriel Randolph, #248729, | ) |
|                 Petitioner, | ) C/A No. 1:11-0817-MBS |
| vs. | ) |
| | ) **OPINION AND ORDER** |
| Warden Michael McCall, Perry Correctional Institution, | ) |
|                 Respondent. | ) |

Petitioner Gabriel Randolph is an inmate in custody of the South Carolina Department of Corrections (SCDC). Petitioner currently is housed at the Perry Correctional Institution in Pelzer, South Carolina. On April 7, 2011, Petitioner filed a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he was denied procedural due process with respect to a March 2010 SCDC disciplinary hearing. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for a Report and Recommendation.

This matter is before the court on motion for summary judgment filed by Respondent on June 7, 2011. By order filed July 21, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition to Respondent's motion on October 24, 2011, to which Respondent filed a reply on November 1, 2011. On January 12, 2012, the Magistrate Judge issued a Report and Recommendation in which she determined that (1) Petitioner had failed to exhaust his administrative remedies as required by O'Sullivan v. Boerckel,

526 U.S. 838, 842 (1999) and other precedents; and (2) even if the exhaustion requirement could be set aside, Petitioner was afforded his procedural due process rights as established in Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (holding that an inmate is entitled to (1) advance written notice of disciplinary charges; (2) a written statement citing evidence relied upon and the reasons for the actions taken; and (3) the right to call witnesses and present documentary evidence, if institutional safety will not be jeopardized). Petitioner filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Respondent's motion for summary judgment is **granted** and Petitioner's § 2241 petition for writ of habeas corpus is dismissed.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district

2

court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina

February 6, 2012.

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**